IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Judith A. Parker, Caroline Jordan, Christopher J. DeCaro and Charles S. Walker, Jr., individually and on behalf of others similarly situated, | ) ) ) ) ) | Civil Action No.: 4:11-cv-00280-RBH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **O R D E R** |
| CFI Sales & Marketing, Ltd., and its Successor in Interest by Merger, CFI Sales & Marketing, LLC d/b/a West Gate Resorts; CFI Resorts Management, Inc.; CFI Sales & Marketing, Inc.; David A. Siegel; Central Florida Investments, Inc.; Westgate Resorts, Ltd; Mark Waltrip, COO, Westgate Resorts; Tom Dugan, CFO, Westgate Resorts; Westgate Resorts, Inc.; Barry W. Siegel, Executive VP Sales, Westgate Resorts; Westgate Marketing, LLC; and Westgate Myrtle Beach, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the court is the plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for the Fifteenth Judicial Circuit, in Horry County. The court has carefully

reviewed the motion, memoranda of counsel, and the record in the case.[1] For the reasons set forth below, the court finds that this case was improvidently removed and as such, remand is appropriate.

## I. Background Facts and Procedural History

This is a class action that was removed from state court on February 1, 2011. The plaintiffs are former employees of CFI Sales & Marketing, Ltd. who worked at Westgate Resort in Myrtle Beach and sold timeshares. The class was certified in state court based on "reserve account balances" owed to each employee. *See* Order of South Carolina Circuit Judge Baxley, Docket Entry # 12-4. The lawsuit, initially filed in state court in 2007, alleged violation of the SC Payment of Wages Act (S.C. Code § 41-10-100 et seq), breach of contract, breach of contract accompanied by fraudulent act, and sought an accounting and declaratory relief. The named class representatives (Parker, Jordan, DeCaro, and Walker) are all South Carolina citizens. (Motion to Remand, Docket Entry # 12, page 5 and Response in Opposition to Motion to Remand, Docket Entry # 18, page 4). The original defendant, CFI Sales & Marketing, Ltd. is a citizen of Florida. (Notice of Removal, Docket Entry # 1, page 4). Shortly before the trial began, the state court lawsuit was settled. The settlement agreement approved by state court provided for a classwide judgment of $650,000.00 against the defendant's successor in interest by merger, CFI Sales & Marketing, LLC, a Florida limited liability company. The state court judge also set forth an exact amount that each class member was entitled to recover. This amount was based on the "highest reserve balance less payments made during the pendency of this lawsuit." *See* Docket Entry # 12-4, page 3 and Exhibit 4). The settlement agreement provided that the plaintiff class would

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

make no effort to enforce or collect the judgment for one-hundred eighty (180) days from the date of the order (January 29, 2010). This deadline expired on July 11, 2010. (Docket Entry # 12-4, p. 3). CFI made one payment of $50,000.00 prior to that date, but no further payments were made. Plaintiffs filed a motion to reopen the case to permit a claim to pierce the corporate veil of the defendant. By Order dated October 20, 2010, Judge Baxley reopened the case and gave the plaintiffs the right to amend the complaint "to add additional parties and a cause of action to pierce the corporate veil of Defendant." (Docket Entry # 1-23). An Amended Complaint was filed which added eleven additional defendants, all of whom are citizens of Florida. (*See* Docket Entry # 1, p.4).

After the amended complaint was filed, the action was removed to this court on the jurisdictional basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The original defendant's successor in interest, as well as all of the new defendants, consented to the removal. Plaintiffs filed a motion to remand on the basis that no federal jurisdiction exists. They allege that the jurisdictional amount has not been met, since they argue no class representative's claim exceeds $75,000. Additionally, they argue that the defendants may not remove after one year from the date it was first filed based on 28 U.S.C. § 1446(b). Finally, they assert that this court should abstain from hearing the case.

Defendants filed a response in which they assert that the jurisdictional amount has been met based on the "aggregation of claims analysis" and that the amount in controversy is actually $600,000. They assert that the one- year requirement does not apply to class actions, citing 28 U.S.C. § 1453, and that the court should not abstain.

Plaintiffs filed a Reply in which they assert that the aggregation theory should not apply because each of the class members' claims have already been divided and are set out by court order. They assert

3

that the one-year requirement still applies to this case and that the requirement simply does not apply in CAFA cases. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730 (4th Cir. 2009).

The motion to remand which is currently before the court was filed on February 25, 2011.

## II. Standard of Review

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, the defendants bear the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Id.*, *citing Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100 (1941). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey,* 29 F.3d at 151.

## III. Discussion

*Amount in Controversy*

Defendants removed this case from state court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446, and 1453(b). Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Section 1446(b) provides that, if the case stated by the original pleading is not removable, then a notice of removal may be filed within thirty (30) days after the receipt by the defendant of an amended pleading from which it may be first ascertained that the case is removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 more than one (1) year after the commencement of the action. Section 1453 provides that class actions may be removed in accordance with section 1446 "except that the 1-year limitation under

4

section 1446(b) shall not apply."[2]  Defendants base federal jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as the named class representatives are citizens of South Carolina and the defendants are citizens of Florida.  Under § 1332, federal district courts generally have original jurisdiction over a case if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.[3]

The parties agree that diverse citizenship is present.  However, they disagree on whether the amount in controversy is satisfied. The law is clear that at least one class member must have a claim in excess of $75,000 for federal court jurisdiction to attach, and normally the claims of all class members cannot be aggregated to confer jurisdiction. *See Exxon Mobile v. Allapattah Serv. Inc*, 545 U.S. 546 (2005).[4] The defendants acknowledge that none of the class representatives currently have claims in excess of the jurisdictional amount. However, the defendants contend that the common fund exception to the non-aggregation rule applies to the case. Under that doctrine, aggregation is permitted where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Besse v. General Motors Corp*., 317 F. Supp.2d 646 (D.S.C. 2004). "[T]he Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional

---

[2] In light of the fact that the court is remanding the case for other reasons, it is not necessary to resolve the issue of whether the one year limitation applies to this case or whether it just applies to a class action brought under the Class Action Fairness Act.  However, it appears that 28 U.S.C. Section 1453 was enacted as part of CAFA. *See Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, n.15 (4th Cir. 2009).

[3] The parties now agree that 28 U.S.C. Section 1332(d), the CAFA jurisdictional statute, does not apply, and that, if jurisdiction exists, it is under Section 1332(a).

[4] "[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, Section 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobile*, 545 U.S. at 549.

5

amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. . . In other words, the obligation to the plaintiffs must be a joint one."*Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778 (5th Cir. 1963), cited by *Snyder v. Harris*, 394 U.S. 332 (1969). Here, each of the plaintiff's claims are now divided and separately set out by final state court order. The amount that each plaintiff is to receive has been established. *See* Docket Entry # 12-4, state court order authorizing disbursement of class settlement proceeds. Therefore, the aggregation theory does not apply, and this Court lacks subject matter jurisdiction over the case.

***Timeliness of Removal***

Recently, around the time the parties were briefing this case, the Fourth Circuit rendered a published decision, *Barbour v. International Union*, 640 F.3d 599 (4th Cir. 2011). In *Barbour*, the Fourth Circuit construed 28 U.S.C. § 1446(b) in the context of a multi-defendant case and held that "Congress intended for the first-served defendant to decide within his thirty-day window whether to remove the case to federal court or allow the case to remain in state court . . . [O]nce the first-served defendant elects to proceed in state court, the issue concerning removal is decided under the rule of unanimity. Alternatively, if the first-served defendant does file a notice of removal, the later-served defendants dictate whether the case remains in federal court, either by joining the notice or declining to do so." *Barbour*, 640 F.3d at 611. In the case at bar, the first-served defendant, CFI Sales & Marketing, Ltd., did not remove the case to federal court within the thirty-day time frame required by 28 U.S.C. § 1446. CFI could have removed the case because the named class plaintiffs were South Carolina citizens, CFI was a Florida corporation, and the claims by at least one named class member

would have arguably exceeded the sum of $75,000. *See* Complaint filed in state court on September 4, 2007 seeking, *inter alia,* actual and punitive damages, treble damages, attorney's fees, prejudgment interest, and costs (Docket Entry # 1-6). *See also* Motion for Remand (Docket Entry # 12-1), page 10, "Defendants should not be allowed to remove this case because the original Defendant (CFI) failed to do so four years ago. . ."*See also*, Plaintiff's Reply (Docket Entry # 20), page 3, "Defendants chose to litigate this case in state court." While Defendants seem to argue now that they could not have initially removed in 2007 because no class member's claim was more than $75,000 (pp. 9 and 10 of Docket Entry # 18), one could argue that the defendant's aggregation theory was stronger then than it is now. At the time the action was first filed in state court, arguably the claim was still "undivided" as opposed to now, where a state court judge has entered an order approving disbursement of proceeds to the 351 class members in different specific amounts. Therefore, under *Barbour*, the initial defendant did not remove within thirty (30) days of service, so the defendants cannot now remove the case.

## IV. **Conclusion**

For the reasons stated above[5], this court concludes that this action was removed improvidently and it is without jurisdiction. Therefore, the plaintiff's motion to remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fifteenth Judicial Circuit, in Horry County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Horry County, Fifteenth Judicial Circuit of South Carolina.

---

[5] The case at bar has been litigated in state court for three and one half to four years and an order has already been entered for disbursement of funds to class members. The issues which remain deal with state law and involve whether the plaintiffs will be allowed to pierce the corporate veil in order to seek to collect their judgment. Defendant states: "The only question involving an issue of state law before this Court is who, of the newly added additional defendants, can be made to pay the judgment entered against the original defendant, CFI Sales & Marketing, LLC." (Docket Entry # 18, p. 14). Defendant also states: "The only unresolved question of state law is . . . whether Plaintiffs can pierce the corporate veil of the original defendant, CFI Sales & Marketing, LLC, to enforce the already existing partly unpaid final judgment against newly named Defendants." *Id*., p. 15. Even if federal jurisdiction was found to exist, principles of judicial comity and the orderly administration of justice would suggest that jurisdiction should not be retained. *See Ulmet v. United States*, 888 F.2d 1028 (4th Cir. 1989); *Feller v. Brock*, 802 F.2d 722 (4th Cir. 1986); *Gray v. Petoseed Co*., 985 F.Supp. 625 (D.S.C. 1996)["While the doctrine of comity is 'invoked in an infinite variety of contexts to justify one governmental body's deference to another,' the Court here refers to the form 'whereby judges decline to exercise jurisdiction over matters more appropriately adjudged elsewhere." [G]enerally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts. This form of comity-i.e., 'judicial comity or comity among courts'- operates to 'assure judicial efficiency and to reflect abiding respect for other courts."(Internal citations omitted)]. *Id*., 985 F.Supp.at 632. "Concerns of comity are particularly significant in diversity cases, since state courts should be allowed to decide state cases unless the action falls squarely within the bounds Congress has created." *Bristol-Myers Squibb Co.v. Safety National Casualty Corp*., 43 F.Supp.2d 734 (E.D. Tex. 1999), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.100,108-109(1941). Under the circumstances, judicial comity would justify this Court deferring to the state court in this case.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
July 20, 2011  R. Bryan Harwell
United States District Court Judge