IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Judith A. Parker, Caroline Jordan, Christopher J. DeCaro and Charles S. Walker, Jr., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CFI Sales & Marketing, Ltd., and its Successor in Interest by Merger, CFI Sales & Marketing, LLC d/b/a West Gate Resorts; CFI Resorts Management, Inc.; CFI Sales & Marketing, Inc.; David A. Siegel; Central Florida Investments, Inc.; Westgate Resorts, Ltd; Mark Waltrip, COO, Westgate Resorts; Tom Dugan, CFO, Westgate Resorts; Westgate Resorts, Inc.; Barry W. Siegel, Executive VP Sales, Westgate Resorts; Westgate Marketing, LLC; and Westgate Myrtle Beach, LLC,<br><br>    Defendants. | Civil Action No.: 4:11-cv-00280-RBH<br><br><br><br><br><br><br>**O R D E R** |

  Pending before the court is the plaintiff's Motion for Attorney's Fees pursuant to 28 U.S.C. § 1447(c), Docket Entry # 31. The Court has carefully reviewed the motion and memoranda of counsel.[1] For the reasons set forth below, the Court denies the motion.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

This is a class action that was removed from state court on February 2, 2011. Plaintiffs filed a Motion to Remand the case to state court on February 25, 2011.  Defendants filed a Response in Opposition to the Motion to Remand on March 38, 2011, followed by a Reply by the plaintiffs on April 7, 2011.  This Court issued an order on July 20, 2011 granting the motion to remand.  Plaintiffs have now moved for an award of attorney's fees.

The relevant facts and procedural history are set forth in this Court's previous order, Docket Entry # 27, pp. 2-4:

> The plaintiffs are former employees of CFI Sales & Marketing, Ltd. who worked at Westgate Resort in Myrtle Beach and sold timeshares. The class was certified in state court based on "reserve account balances" owed to each employee. *See* Order of South Carolina Circuit Judge Baxley, Docket Entry # 12-4. The lawsuit, initially filed in state court in 2007, alleged violation of the SC Payment of Wages Act (S.C. Code § 41-10-100 et seq), breach of contract, breach of contract accompanied by fraudulent act, and sought an accounting and declaratory relief.  The named class representatives (Parker, Jordan, DeCaro, and Walker) are all South Carolina citizens. (Motion to Remand, Docket Entry # 12, page 5 and Response in Opposition to Motion to Remand, Docket Entry # 18, page 4). The original defendant, CFI Sales & Marketing, Ltd. is a citizen of Florida. (Notice of Removal, Docket Entry # 1, page 4). Shortly before the trial began, the state court lawsuit was settled. The settlement agreement approved by state court provided for a classwide judgment of $650,000.00 against the defendant's successor in interest by merger, CFI Sales & Marketing, LLC, a Florida limited liability company. The state court judge also set forth an exact amount that each class member was entitled to recover. This amount was based on the "highest reserve balance less payments made during the pendency of this lawsuit." *See* Docket Entry # 12-4, page 3 and Exhibit 4. The settlement agreement provided that the plaintiff class would make no effort to enforce or collect the judgment for one-hundred eighty (180) days from the date of the order (January 29, 2010). This deadline expired on July 11, 2010. (Docket Entry # 12-4, p. 3). CFI made one payment of $50,000.00 prior to that date, but no further payments were made. Plaintiffs filed a motion to reopen the case to permit a claim to pierce the corporate veil of the defendant. By Order dated October 20, 2010, Judge Baxley reopened the case and gave the plaintiffs the right to amend the complaint "to add additional parties and a cause of action to pierce the corporate veil of Defendant." (Docket Entry # 1-23).  An Amended Complaint was filed which added eleven additional defendants, all of whom are citizens of Florida. (*See* Docket Entry # 1, p.4).
>
> After the amended complaint was filed, the action was removed to this court on the jurisdictional basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The original defendant's successor in interest, as well as all of the new defendants, consented to the removal.  Plaintiffs filed a motion to remand on the basis that no federal jurisdiction

exists. They allege that the jurisdictional amount has not been met, since they argue no class representative's claim exceeds $75,000. Additionally, they argue that the defendants may not remove after one year from the date it was first filed based on 28 U.S.C. § 1446(b). Finally, they assert that this court should abstain from hearing the case.

Defendants filed a response in which they assert that the jurisdictional amount has been met based on the "aggregation of claims analysis" and that the amount in controversy is actually $600,000. They assert that the one- year requirement does not apply to class actions, citing 28 U.S.C. § 1453, and that the court should not abstain.

Plaintiffs filed a Reply in which they assert that the aggregation theory should not apply because each of the class members' claims have already been divided and are set out by court order. They assert that the one-year requirement still applies to this case and that the requirement simply does not apply in CAFA cases. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730 (4th Cir. 2009).

In their removal documents, the defendants acknowledged that none of the class representatives had claims in excess of the jurisdictional amount for diversity jurisdiction.[2] However, they contended that the common fund exception to the non-aggregation rule applied. Under that doctrine, aggregation is permitted where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Besse v. General Motors Corp.*, 317 F. Supp.2d 646 (D.S.C. 2004). In its order remanding the case, this Court cited case law regarding the aggregation doctrine wherein "the Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. . . In other words, the obligation to the plaintiffs must be a joint one." *Eagle Star*

---

[2] "[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, Section 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobile v. Allapattah Serv. Inc*, 545 U.S. 546 (2005).

*Ins. Co. v. Maltes*, 313 F.2d 778 (5th Cir. 1963), cited by *Snyder v. Harris*, 394 U.S. 332 (1969). This Court found that each of the plaintiffs' claims in the instant case are divided and separately set out by final state court order and that the amount that each plaintiff is to receive has been established. Therefore, this Court found the aggregation theory did not apply and concluded that this Court accordingly lacked subject matter jurisdiction over the case. This Court also questioned the timeliness of the removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether or not to award attorney fees under this statute is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.")(quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). There is a presumption neither in favor of nor against the awarding of attorney fees under Section 1447(c). *Martin*, 546 U.S. at 136. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 141.

In the case at bar, although the motion to remand was granted, the Court finds that the defendants had an objectively reasonable basis for removal of the case. The doctrine of aggregation of claims is well-recognized. Additionally, the state court order was subject to two different interpretations. Defendants asserted that, since the state court order was silent as to what would happen in the event one of the plaintiffs could not be located or declined to accept their share, a common fund was created. Plaintiffs contended (and the Court agreed) that the amount which each

plaintiff had received was established by the order and that therefore the aggregation theory did not apply. However, Defendants' argument as to aggregation had an objectively reasonable basis, as it relied on a non-frivolous interpretation of the state court order and case law. *See Snyder*, 394 U.S. 332, and *Besse*, 317 F. Supp.2d 646.

Defendant also had an objectively reasonable argument that the removal was timely. This Court cited *Barbour v. International Union*, 640 F.3d 599 (4th Cir. 2011), which held that the first-served defendant in a multi-defendant case must decide within his thirty-day window whether to remove the case. Here, the first-served defendant, CFI Sales and Marketing, Ltd. did not remove the case when it arguably could have done so. However, the defendants contend that no plaintiff had a claim which exceeded the jurisdictional amount when the case was initially filed, and the aggregation theory would not have applied because the case had not yet settled and no fund had thus been created. The Court agrees with the defendants that they had an objectively reasonable argument that the removal was timely.

Plaintiffs also cite this Court's discussion by way of footnote of the doctrine of judicial comity as support for an award of attorney's fees. However, the reference by the Court to comity between state and federal courts does not support a finding that the defendants lacked an objectively reasonable basis for removing the case.

Finally, Plaintiffs contend that the Fourth Circuit's denial of the defendants' Motion for Permissive Appeal shows that the removal lacked an objectively reasonable basis. The order by the Fourth Circuit does not indicate the reasons for its denial of the petition. This Court cannot speculate as to the rationale of the Fourth Circuit in refusing to grant the defendants permission to appeal the

remand order. Such refusal does not show that the defendants lacked an objectively reasonable basis for removal.

## **Conclusion**

The plaintiff's motion for attorney's fees (docket entry # 31) is DENIED.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 17, 2012  R. Bryan Harwell
  United States District Court Judge